1

2

3                                                              O

4
                                                    JS - 6
5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11  SERVICES UNLIMITED, S.A., DE   )  Case No. CV 12-07557 (JCGx)
    C.V., a Mexican corporation,   )
12                                 )
                     Plaintiff,    )  **ORDER GRANTING DEFENDANT'S MOTION**
13                                 )  **TO TRANSFER**
         v.                        )
14                                 )
    AGRIDYNE, L.L.C., an           )
15  Illinois limited liability     )
    company; NICOUD INSURANCE      )
16  COMPANY,                       )  [Dkt. No. 17]
                                   )
17                   Defendants.   )
    _____)
18

19       Presently before the court is Defendant Agridyne LLC

20  ("Agridyne")'s Motion to Transfer.  Having considered the

21  submissions of the parties and heard oral argument, the court

22  grants the motion and adopts the following order.

23  **I.   Background**

24       Defendant Agridyne, an Illinois company, uses railcars to ship

25  animal feed products throughout North America.  (Complaint ¶ 4.)

26  On September 16, 2004, Agridyne entered into a railcar lease with

27  "Services Unlimited."  (Complaint, Ex. A).  The lease identifies

28  "Services Unlimited" as Lessor, with a post office box in Marina

1  del Rey, California listed as Services Unlimited's principal place

2  of business.  (Id. at 2.)  The lease was signed by "Lucille J.

3  Boston, CEO" on behalf of "Services Unlimited."  (Id. at 8.)

4      Lucille J. Boston also signed several riders to the lease on

5  behalf of Services Unlimited.  (Compl., Ex. A.)  Of the seven

6  riders, five are signed by "Lucille J. Boston," while two of the

7  signature lines identify Boston as "President."  (Id.)  Four of the

8  seven riders list "Services Unlimited" as Lessor, while the other

9  three riders identify "Services Unlimited, S.A. DE C.V."  (Id.)

10     At some point, three of the railcars leased to Agridyne became

11  rusted and corroded beyond repair.  (Compl. ¶ 24.)  On August 13,

12  2012, Boston sent an e-mail to Agridyne.  (Declaration of Michael

13  Georgen in Support of Motion, Ex. A.)  Boston asserted that

14  Agridyne was responsible for the damage to the railcars, and

15  stated, "I am being put out of the railcar business. . . . I am

16  very [upset] about being forced out of a business I have had since

17  1968 . . . ."  (Id.)  Boston closed by writing:

18      I agree that litigating this issue is a waste of time and
        money but it is Agridyne that is forcing the litigation
19      issue, not Services Unlimited.  Since you want to
        litigate, lets get on with it immediately and not waste
20      anymore time.  Your attorneys and insurance carrier know
        where to contact me.  If I have not heard from them
21      within three days, I will commence with the legal steps
        needed.
22  (Id.)

23     Three days later, on August 16, 2012, Agridyne brought suit

24  against "Lucille Boston, doing business as Services Unlimited", in

25  United States District Court for the Central District of Illinois.

26  (Declaration of Tom Schanzle-Haskins in Support of Motion ¶ 2.)

27  The First Amended Complaint in the Illinois action seeks a

28  declaratory judgment that damage to certain leased railcars was the

1  result of normal wear and tear, and alleges that Boston (as

2  Services Unlimited) breached the lease by failing to have the

3  railcars properly inspected and available for Agridyne's use.

4  (Schanzle-Haskins Dec., Ex. A at 4, 6.)

5      On September 4, 2012, Plaintiff "Services Unlimitde, S.A. de

6  C.V., a Mexican corporation, with the United States Trade Name of

7  SERVICES UNLIMITED," ("Plaintiff") filed the instant action.

8  Plaintiff's Complaint asserts six causes of action against Agridyne

9  regarding the damaged railcars.  The Complaint alleges that

10 Plaintiff is a Mexican corporation, operating under a trade name

11 licensed by the United States' Association of American Railroads.

12 (Complaint ¶ 6.)  Agridyne now moves to transfer this case to the

13 Central District of Illinois.

14 **II.   Legal Standard**

15      The "first-to-file" rule permits this court "to decline

16 jurisdiction when a complaint involving the same parties and issues

17 has already been filed in another district."  Apple Inc. v.

18 Psystar, 658 F.3d 1150, 1161 (9th Cir. 2011) (internal quotation

19 and citation omitted).  In such cases, this court may, in its

20 discretion, stay, transfer, or dismiss the later-filed suit.

21 Cedars-Sinai Med. Center v. Shalala, 125 F.3d 765, 769 (9th Cir.

22 1997).  Threshold factors include 1) the chronology of the actions,

23 2) the similarity of the parties, and 3) the similarity of the

24 issues.  Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625

25 (9th Cir. 1991).  An exception to the first-to-file rule may apply,

26 however, under certain circumstances, such as bad faith,

27 anticipatory filing, or forum-shopping.  Id. at 628.

28 ///

1 **III. Discussion**

2     Plaintiff does not dispute that the chronology and similarity

3 of issues factors weigh in favor of application of the first-to-

4 file rule here.  (Opp. at 15.)  Plaintiff contends, however, that

5 the Illinois action and the instant action do not involve the same

6 or similar parties.  (Id.)  As Plaintiff appears to recognize, the

7 parties in the two actions need only be substantially similar for

8 the first-to-tile rule to apply.  Nat'l Union Fire Ins. Co. of

9 Pittsburgh v. Payless Shoesource, Inc., No. C-11-1892 EMC, 2012 WL

10 3277222 at *3 (N.D. Cal. Aug. 9, 2012).

11     Here, Plaintiff argues that the parties are not substantially

12 similar because Plaintiff, a Mexican corporation, is separate from

13 Plaintiff's President and the Defendant in the Illinois action,

14 Lucille Boston.  The court disagrees.  It remains unclear whether

15 Boston, doing business as Services Unlimited, or Plaintiff,

16 operating under the trade name Services Unlimited, was a party to

17 the lease agreement with Agridyne.  The lease itself makes no

18 reference to the Mexican corporation, while Boston appears to have

19 signed the majority of the riders individually, without reference

20 to her position as a director of any corporation.  Regardless

21 whether Boston herself or the Mexican corporation is the relevant

22 party, the two are sufficiently similar to warrant invocation of

23 the first-to-file rule.[1]  See Microchip Tech., Inc. v. United

24 Module Corp., No. CV-10-04241-LHK, 2011 WL 2669627 at * 3 (N.D.

25 Cal. Jul. 7, 2011) (finding parent company and subsidiary

26 _____

27     [1] Agridyne also remains free to amend the Illinois complaint
to name Plaintiff.  F.R.C.P. 15(c).  Plaintiff appears to
acknowledge that, at worst, Agridyne intended to sue the party to

28 the lease, but made a mistake.  (Opp. at 16:5, 17:9.)

4

1  sufficiently related); <u>Blue Cove Corp. v. Odyssey Med., Inc.</u>, No.

2  10cv2606-IEG, 2011 WL 1157866 at *2 (S.D. Cal. Mar. 28, 2011)

3  (Finding Mexican corporation "Augen Opticos S.A. de C.V." and

4  separate party "Blue Cove dba Augen Optics" sufficiently similar

5  for first-to-file purposes where parties held themselves out

6  interchangeably).

7      Plaintiff also argues that an exception to the first-to-file

8  rule should apply because Agridyne filed the Illinois action in

9  anticipation of this action.  (Opp. at 12.)  A suit is considered

10 anticipatory for purposes of the first-to-file rule if the

11 plaintiff in the first-filed action filed suit "on receipt of

12 specific, concrete indications that a suit by the defendant was

13 imminent."  <u>Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.</u>,

14 544 F.Supp.2d 949, 960 (N.D. Cal. 2008) (citing <u>Guthy-Renker</u>

15 <u>Fitness, L.L.C. v. Icon Health and Fitness, Inc.</u>, 179 F.R.D. 264,

16 271 (C.D. Cal. 1998)) (internal quotation omitted).

17     The court is satisfied that Agridyne did not file the Illinois

18 action in anticipation that Plaintiff would imminently file a suit

19 of its own.  To the contrary, Boston's e-mail makes clear that it

20 was Agridyne, not Plaintiff, that was "forcing the litigation

21 issue."  Boston further pointed out that it was Agridyne that

22 wanted to litigate, and in fact encouraged Agridyne to "get on with

23 it immediately."  Indeed, Boston indicated that she would take

24 unspecified "legal steps" only if Agridyne itself failed to do so.

25 Agridyne did not fail to do so, and filed the Illinois action in

26 accordance with Boston's suggestion.  Thus, Agridyne did not file

27 the Illinois action anticipatorily, and no exception to the first-

28 to-file rule applies.

1   **IV.   Conclusion**

2         For the reasons stated above, Defendant's Motion to Transfer

3   is GRANTED.

4

5

6

7   IT IS SO ORDERED.

8

9

10  Dated: November 20, 2012

                                    DEAN D. PREGERSON
11                                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    6