O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICES UNLIMITED, S.A., DE C.V., a Mexican corporation, | ) Case No. CV 12-07557 (JCGx) ) |
| Plaintiff, | ) **ORDER GRANTING DEFENDANT'S MOTION** ) **TO TRANSFER** |
| v. | ) |
| AGRIDYNE, L.L.C., an Illinois limited liability company; NICOUD INSURANCE COMPANY, | ) ) ) ) [Dkt. No. 17] |
| Defendants. | ) |

Presently before the court is Defendant Agridyne LLC ("Agridyne")'s Motion to Transfer. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.   Background**

Defendant Agridyne, an Illinois company, uses railcars to ship animal feed products throughout North America. (Complaint ¶ 4.) On September 16, 2004, Agridyne entered into a railcar lease with "Services Unlimited." (Complaint, Ex. A). The lease identifies "Services Unlimited" as Lessor, with a post office box in Marina

1  del Rey, California listed as Services Unlimited's principal place
2  of business. (Id. at 2.)  The lease was signed by "Lucille J.
3  Boston, CEO" on behalf of "Services Unlimited." (Id. at 8.)
4      Lucille J. Boston also signed several riders to the lease on
5  behalf of Services Unlimited. (Compl., Ex. A.)  Of the seven
6  riders, five are signed by "Lucille J. Boston," while two of the
7  signature lines identify Boston as "President." (Id.)  Four of the
8  seven riders list "Services Unlimited" as Lessor, while the other
9  three riders identify "Services Unlimited, S.A. DE C.V." (Id.)
10     At some point, three of the railcars leased to Agridyne became
11 rusted and corroded beyond repair. (Compl. ¶ 24.)  On August 13,
12 2012, Boston sent an e-mail to Agridyne. (Declaration of Michael
13 Georgen in Support of Motion, Ex. A.)  Boston asserted that
14 Agridyne was responsible for the damage to the railcars, and
15 stated, "I am being put out of the railcar business. . . . I am
16 very [upset] about being forced out of a business I have had since
17 1968 . . . ." (Id.)  Boston closed by writing:

> I agree that litigating this issue is a waste of time and
> money but it is Agridyne that is forcing the litigation
> issue, not Services Unlimited.  Since you want to
> litigate, lets get on with it immediately and not waste
> anymore time.  Your attorneys and insurance carrier know
> where to contact me.  If I have not heard from them
> within three days, I will commence with the legal steps
> needed.

(Id.)

23     Three days later, on August 16, 2012, Agridyne brought suit
24 against "Lucille Boston, doing business as Services Unlimited", in
25 United States District Court for the Central District of Illinois.
26 (Declaration of Tom Schanzle-Haskins in Support of Motion ¶ 2.)
27 The First Amended Complaint in the Illinois action seeks a
28 declaratory judgment that damage to certain leased railcars was the

1  result of normal wear and tear, and alleges that Boston (as
2  Services Unlimited) breached the lease by failing to have the
3  railcars properly inspected and available for Agridyne's use.
4  (Schanzle-Haskins Dec., Ex. A at 4, 6.)
5       On September 4, 2012, Plaintiff "Services Unlimitde, S.A. de
6  C.V., a Mexican corporation, with the United States Trade Name of
7  SERVICES UNLIMITED," ("Plaintiff") filed the instant action.
8  Plaintiff's Complaint asserts six causes of action against Agridyne
9  regarding the damaged railcars.  The Complaint alleges that
10 Plaintiff is a Mexican corporation, operating under a trade name
11 licensed by the United States' Association of American Railroads.
12 (Complaint ¶ 6.)  Agridyne now moves to transfer this case to the
13 Central District of Illinois.
14 **II.  Legal Standard**
15      The "first-to-file" rule permits this court "to decline
16 jurisdiction when a complaint involving the same parties and issues
17 has already been filed in another district." Apple Inc. v.
18 Psystar, 658 F.3d 1150, 1161 (9th Cir. 2011) (internal quotation
19 and citation omitted).  In such cases, this court may, in its
20 discretion, stay, transfer, or dismiss the later-filed suit.
21 Cedars-Sinai Med. Center v. Shalala, 125 F.3d 765, 769 (9th Cir.
22 1997).  Threshold factors include 1) the chronology of the actions,
23 2) the similarity of the parties, and 3) the similarity of the
24 issues.  Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625
25 (9th Cir. 1991).  An exception to the first-to-file rule may apply,
26 however, under certain circumstances, such as bad faith,
27 anticipatory filing, or forum-shopping.  Id. at 628.
28 ///

**III. Discussion**

Plaintiff does not dispute that the chronology and similarity of issues factors weigh in favor of application of the first-to-file rule here. (Opp. at 15.) Plaintiff contends, however, that the Illinois action and the instant action do not involve the same or similar parties. (Id.) As Plaintiff appears to recognize, the parties in the two actions need only be substantially similar for the first-to-tile rule to apply. Nat'l Union Fire Ins. Co. of Pittsburgh v. Payless Shoesource, Inc., No. C-11-1892 EMC, 2012 WL 3277222 at *3 (N.D. Cal. Aug. 9, 2012).

Here, Plaintiff argues that the parties are not substantially similar because Plaintiff, a Mexican corporation, is separate from Plaintiff's President and the Defendant in the Illinois action, Lucille Boston. The court disagrees. It remains unclear whether Boston, doing business as Services Unlimited, or Plaintiff, operating under the trade name Services Unlimited, was a party to the lease agreement with Agridyne. The lease itself makes no reference to the Mexican corporation, while Boston appears to have signed the majority of the riders individually, without reference to her position as a director of any corporation. Regardless whether Boston herself or the Mexican corporation is the relevant party, the two are sufficiently similar to warrant invocation of the first-to-file rule.[1] See Microchip Tech., Inc. v. United Module Corp., No. CV-10-04241-LHK, 2011 WL 2669627 at * 3 (N.D. Cal. Jul. 7, 2011) (finding parent company and subsidiary

---

[1] Agridyne also remains free to amend the Illinois complaint to name Plaintiff. F.R.C.P. 15(c). Plaintiff appears to acknowledge that, at worst, Agridyne intended to sue the party to the lease, but made a mistake. (Opp. at 16:5, 17:9.)

4

sufficiently related); <u>Blue Cove Corp. v. Odyssey Med., Inc.</u>, No. 10cv2606-IEG, 2011 WL 1157866 at *2 (S.D. Cal. Mar. 28, 2011) (Finding Mexican corporation "Augen Opticos S.A. de C.V." and separate party "Blue Cove dba Augen Optics" sufficiently similar for first-to-file purposes where parties held themselves out interchangeably).

Plaintiff also argues that an exception to the first-to-file rule should apply because Agridyne filed the Illinois action in anticipation of this action. (Opp. at 12.) A suit is considered anticipatory for purposes of the first-to-file rule if the plaintiff in the first-filed action filed suit "on receipt of specific, concrete indications that a suit by the defendant was imminent." <u>Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.</u>, 544 F.Supp.2d 949, 960 (N.D. Cal. 2008) (citing <u>Guthy-Renker Fitness, L.L.C. v. Icon Health and Fitness, Inc.</u>, 179 F.R.D. 264, 271 (C.D. Cal. 1998)) (internal quotation omitted).

The court is satisfied that Agridyne did not file the Illinois action in anticipation that Plaintiff would imminently file a suit of its own. To the contrary, Boston's e-mail makes clear that it was Agridyne, not Plaintiff, that was "forcing the litigation issue." Boston further pointed out that it was Agridyne that wanted to litigate, and in fact encouraged Agridyne to "get on with it immediately." Indeed, Boston indicated that she would take unspecified "legal steps" only if Agridyne itself failed to do so. Agridyne did not fail to do so, and filed the Illinois action in accordance with Boston's suggestion. Thus, Agridyne did not file the Illinois action anticipatorily, and no exception to the first-to-file rule applies.

**IV. Conclusion**

    For the reasons stated above, Defendant's Motion to Transfer is GRANTED.

IT IS SO ORDERED.

Dated: November 20, 2012

                                  DEAN D. PREGERSON
                                  United States District Judge